**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000445
05-FEB-2026
07:50 AM
Dkt. 75 SO**

NOS. CAAP-23-0000445 and CAAP-24-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-23-0000445**
AZURE M. SKELLINGTON, Petitioner-Appellee,
v.
ISAAC JAMES KAMA, Respondent-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FDA-23-0001237)

**CAAP-24-0000434**
ISAAC JAMES KAMA© Petitioner/Plaintiff By: Isaac-James Kama©, In
Propria Persona, (FOR THE CORPORATE LEGAL FICTION OF ISAAC JAMES
KAMA©), Petitioner/Plaintiff-Appellant,
v.
AZURE M. SKELLINGTON, LESLEY N. MALOIAN, D/B/A:
STATE OF HAWAII FAMILY COURT OF THE FIRST CIRCUIT,
KIMBERLY LIBOKMETO, D/B/A: STATE OF HAWAII FAMILY COURT OF THE
FIRST CIRCUIT, SANDRA M.N. YOU, D/B/A: STATE OF HAWAII FAMILY
COURT OF THE FIRST CIRCUIT, ROBERT MARK BROWNING, D/B/A:
STATE OF HAWAII FAMILY COURT OF THE FIRST CIRCUIT,
Respondents/Defendants-Appellees,

and
JOHN DOES 1-20 (any/all State agents/actors),
Respondents/Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-23-0001515)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

In this consolidated appeal, self-represented Respondent-Appellant/Plaintiff-Appellant Isaac James Kama (**Kama**) challenges the June 19, 2023 family court protective order issued against him, and the circuit court's 2024 order dismissing his November 22, 2023 civil complaint alleging various claims against the family court judge, clerk, and court reporter in connection with the family court protective order. We affirm.

In the family court appeal, CAAP-23-0000445, Kama appeals from the June 19, 2023 "Order for Protection," (**Order for Protection**) filed by the Family Court of the First Circuit (**Family Court**).[1]

In the circuit court appeal, CAAP-24-0000434, Kama appeals from the May 20, 2024 "Order Granting (1) Defendant [-Appellee] Azure [M.] Skellington's [(**Skellington**)] Motion to Dismiss, and (2) Defendants[-Appellees] the Honorable Leslie N. Maloian, Kimberley Libokmeto, Sandra M.N. You and the Honorable R. Mark Browning's Motion to Dismiss With Prejudice" (**Order to**

---

[1]     The Honorable Leslie N. Maloian presided.

2

**Dismiss**), filed by the Circuit Court of the First Circuit (**Circuit Court**).[2]

Kama's Opening Briefs in both CAAP-23-0000445 and CAAP-24-0000434 substantially fail to comply with HRAP Rules 28(b)(4) and (b)(7).  The points of error (**POE**) do not contain "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court."  HRAP Rule 28(b)(4)(iii).  The argument sections, while containing some citations to the record, are untethered to the POEs and are generally devoid of applicable legal authorities.  See HRAP Rule 28(b)(7).  We address Kama's contentions to the extent they can be discerned.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (affording liberal review to pleadings by self-represented parties to promote access to justice).

### CAAP-23-0000445, family court appeal

Kama's discernible contentions appear to be that: **(1)** the Family Court lacked subject matter and personal jurisdiction; **(2)** there was insufficient evidence to support the issuance of the Order for Protection; and **(3)** the firearms prohibition in the Order for Protection violates his Second Amendment rights.

**(1)** Kama does not present discernible, applicable legal authority to support his argument that "the family court did not have in personam jurisdiction over [Kama] because [Kama] was the holder-in-due-course of ISAAC JAME KAMA© [sic]; and

---

[2]  The Honorable Karin L. Holma presided.  We construe Kama's appeal to include the June 20, 2024 "Final Judgment," (**Final Judgment**) entered by the Circuit Court following the May 20, 2024 Order to Dismiss.  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b)(4).

therefore, no subject matter jurisdiction exists over the matter either[,]" and "err[ed] by not respecting and following [Kama]'s jurisdictional issues and his 48 CFR Ch. 1, §53.228 remedy . . . that removes jurisdiction from him in the case."

The Family Court had subject matter jurisdiction over this domestic abuse protective order proceeding under HRS § 571-14 (2018 & 2024 Supp.), pertaining to family court jurisdiction, which provides: "the [family] court shall have exclusive original jurisdiction . . . [i]n all proceedings under [HRS] chapter 586, Domestic Abuse Protective Orders[.]"

**(2)** Kama argues "there was insufficient evidence to support the family court's decision because [Kama] was erroneously deemed 'not credible'" and Skellington was found to be "credible and reliable." Kama also claims that the Family Court "cut [Kama] off and did not give him a full opportunity to be heard or to hear his evidence of perjury to rebut [Skellington]'s lies in court[.]"

Appellate courts "will not pass upon [a] trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citations omitted). Kama does not identify where in the hearing transcript the Family Court denied his opportunity to be heard, and the transcript does not bear out Kama's assertion. The Family Court asked Kama twice to respond to Skellington's allegations of abuse, but in both instances, Kama gave non-responsive information about Skellington; digressed to describe other incidents involving Skellington, sometimes incoherently; and quoted "Scripture." The Family Court told Kama, "you're unable to answer the Court's

4

questions[,]" and noted that it had "grave concerns" that Kama had "refused to admit who you were to this Court" at the outset of the hearing. In concluding that Kama was not credible, the Family Court explained that it "g[a]ve the parties a full and fair opportunity to be heard, and attempted to give [Kama] a full and fair opportunity to be heard; however, [Kama] . . . g[ave] the Court testimony and statements that [were] not relevant to the proceedings, and . . . quot[ed] Bible Scripture instead." We conclude Kama's evidentiary challenges lack merit.

**(3)** From what we are able to discern, it appears that Kama claims that the Order for Protection violates his Second Amendment rights because the Family Court "has not ruled that [Kama] is 'dangerous.'" Kama cites the papers of Thomas Jefferson, quotes Justice Amy Coney Barrett's dissenting opinion in Kanter v. Barr, 919 F.3d 437 (7th Cir. 2019) (which held that a felon firearms dispossession statute did not violate the Second Amendment, as applied to the felon), and quotes an amicus brief submitted in U.S. v. Rahimi, 602 U.S. 680 (2024).[3]

Kama does not identify where in the record these arguments were raised. See HRAP Rule 28(b)(4)(iii). The record reflects that Kama did not raise these legal authorities and argument for his Second Amendment claim to the Family Court, and they are waived. See County of Hawaii v. C & J Coupe Fam. Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this

---

[3] Rahimi held that a federal statute prohibiting an individual subject to a domestic violence restraining order from possessing a firearm is consistent with the Second Amendment, if the order includes a finding that the individual represented a credible threat to the physical safety of an intimate partner. 602 U.S. at 690.

rule applies in both criminal and civil cases." (citations omitted)).

### CAAP-24-0000434, circuit court appeal

Kama appears to contend that the Circuit Court should not have dismissed his Complaint[4] as an impermissible collateral attack. Kama argues that no law "prohibits [Kama] from pursuing his civil case which is a collateral attack and a civil tort claim"; that Kama "has a right to election [sic] this collateral attack, by and through his corporate fiction ISSAC [sic] JAMES KAMA© in addition to appealing the family court judgment"; and that because the Family Court judgment is "void" Kama "is entitled to attack it collaterally if he chooses that avenue." Kama does not present a coherent legal argument citing pertinent legal authorities to support these assertions. Kama also raises arguments regarding sovereign immunity that are not discernible enough to be addressed. Kama's arguments are deemed waived. See HRAP Rule 28(b)(7); Ito v. Inv. Equity Life Holding Co., 135 Hawaiʻi 49, 74, 346 P.3d 118, 143 (2015) ("Where an appellant makes general assertions of a due process violation, without further elaboration or citation to authority, the court cannot reach a reasoned conclusion, and the due process argument is deemed waived." (citing C & J Coupe Fam. Ltd. P'ship, 119 Hawaiʻi at 373, 198 P.3d at 636)); Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (finding that the appellants failed to demonstrate error because they "do not

---

[4] Kama's November 22, 2023 Complaint, filed five months after the Family Court issued the June 19, 2023 Order for Protection, named, among others, the family court judge, clerk, and court reporter as defendants, and alleged that the Order for Protection represented a conspiracy against rights under 18 U.S.C. § 241, a deprivation of rights under color of law under 18 U.S.C. § 242, and a conspiracy to interfere with civil rights under 42 U.S.C. § 1985; Kama sought $16.75 million in damages.

point to anything in the record or provide any analysis that would guide th[e] court in determining the validity of their contention").

For the foregoing reasons, we affirm the June 19, 2023 Order for Protection, filed by the Family Court of the First Circuit, and the May 20, 2024 Order to Dismiss, filed by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, February 5, 2026.

On the briefs:

Isaac James Kama,
Self-Represented/Respondent-
Appellant in CAAP-23-0000445,
and Petitioner/Plaintiff-
Appellant in CAAP-24-0000434.

Alyssa-Marie Y. Kau,
Deputy Attorney General
for Respondents/Defendants-
Appellees The Honorable Leslie
N. Maloian, the Honorable R.
Mark Browning, Kimberly
Libokmeto, and Sandra M.N. You
in CAAP-24-0000434

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

7